Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 6396 | **DATE** | 4/22/2002 |
| **CASE TITLE** | Ivan vs. Russell | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion for Summary Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Before the court is Defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 [55-1]. Defendant's motion is granted. It is so ordered. (See attached order for further details)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 2 3 2002 | |
| | Notified counsel by telephone. | | date docketed | 66 |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

| | |
|---|---|
| James Ivan, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 98 C 6396 |
| ) | HONORABLE CHARLES R. NORGLE |
| Russell, et al, ) | |
| Defendants. ) | |

**OPINION AND ORDER**

CHARLES R. NORGLE, SR. District Judge

Before the court is Defendants' motion for summary judgment. For the following reasons, the motion is granted.

### I. BACKGROUND[1]

Plaintiff, James Ivan ("Ivan"), is a prisoner within the Illinois Department of Corrections ("IDOC"). At all times relevant to Ivan's claim, he was housed at the Stateville Correctional Center. During this time Ivan's cellmate was Michael Abrams a/k/a Larry Jones ("Abrams"). Ivan states that Abrams mentally, physically and sexually abused him on numerous occasions between October 3, 1996 and December 2, 1996. Ivan further states that he repeatedly informed members of the prison staff of the abuse and requested to be removed from his cell. On December 7, 1996, Ivan was removed from his cell.

On December 11, 1996, Ivan wrote a letter to Jerome Springborn ("Springborn"), the Assistant Warden at Stateville Correctional Center, complaining that members of the prison staff had ignored his repeated requests to be removed from his cell, and further requesting to be transferred out of Stateville Correctional Center to a medium security facility. On December 31,

---
[1] The court takes the facts from the parties' Local Rule 56.1 statements and accompanying briefs. Disputed facts are noted in the text.

1

1996, Springborn responded to Ivan's letter and indicated that Ivan was not an appropriate candidate for transfer to a medium security facility; however, Springborn indicated that Ivan was being evaluated for a possible transfer to the Joliet Correctional Center. On December 31, 1996, Ivan wrote another letter to George DeTrella ("DeTrella"), the Warden of Stateville Correctional Center, complaining that members of the prison staff had ignored his repeated requests to be removed from his cell, and further asking for compensation for his alleged injuries. DeTrella did not respond to Ivan's letter.

Subsequently, on October 30, 1997, Ivan filed a formal grievance and then filed a second formal grievance on November 4, 1997. On November 17, 1997, Mary Nichols ("Nichols"), the Coordinator of Inmate Issues for the IDOC, sent a letter to Ivan indicating that the grievances were untimely, since the incident complained of had occurred more than sixty days before the grievances were filed. Ivan took no further action to have his grievances addressed within the IDOC. On October 13, 1998, Ivan filed the present suit seeking monetary damages under 42 U.S.C. § 1983. Defendants then filed a motion to dismiss Ivan's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that Ivan had failed to exhaust all available prison grievance procedures. The court denied Defendants' motion to dismiss Ivan's complaint in light of the liberal notice pleading practice in the federal courts. (See Minute Order of June 30, 1999 [26-1]) Defendants now move for summary judgment, and contend that they are entitled to summary judgment because Ivan failed to exhaust available prison grievance procedures.

## II. DISCUSSION

a. **Standard for summary judgment:**

Summary judgment is permissible when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. The court views the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party. Id. At summary judgment, a defendant is entitled to put the plaintiff to his proofs and demand a showing of the evidence. See e.g. Navarro v. Fuji Heavy Industries, Ltd., 117 F.3d 1027, 1030 (7th Cir. 1997). The plaintiff must present evidence, rather than speculation and conclusions without factual support. See Rand v. CF Industries, Inc., 42 F.3d 1139, 1146-47 (7th Cir. 1994). If the plaintiff fails to come up with the required proof, the defendant is entitled to summary judgment. Navarro, 117 F.3d at 1030.

**b. Prison Litigation Reform Act of 1995:**

The Prison Litigation Reform Act of 1995 ("PLRA") directs: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). The United States Supreme Court clarified the meaning of § 1997(e)(a) when it declared: "statutory history confirms the suggestion that Congress meant to require procedural exhaustion regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible." Booth v. C.O. Churner, 532 U.S. 731, 739 (2001). The Supreme Court further clarified the meaning § 1997(e)(a) when it declared: "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, -- U.S. --, 122 S.Ct. 983, 992 (2002).

3

Thus, exhaustion of prison grievance procedures is a mandatory prerequisite to a prisoner filing a claim regarding prison conditions.

c. **Ivan's Contentions in Response to Summary Judgment:**

Ivan raises two arguments in response to Defendants' contention that he failed to exhaust available prison grievance procedures. First, Ivan contends that since he did not timely file his formal grievances, there is no available remedy under the Illinois Administrative Code, and therefore all available prison grievance procedures are exhausted. Second, Ivan contends that based on the court's order denying Defendants' motion to dismiss, and the statements contained therein, the doctrine of law of the case can be invoked.

Ivan's first contention, essentially that a failure to exhaust grievance procedures equals an exhaustion of grievance procedures, is logically erroneous. The Seventh Circuit recently addressed this very issue, and by interpreting Booth and Porter, stated:

> [U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred. Any other approach would allow a prisoner to 'exhaust' state remedies by spurning them, which would defeat the statutory objective of requiring the prisoner to give the prison administration an opportunity to fix the problem – or to reduce the damages and perhaps to shed light on factual disputes that may arise in litigation even if the prison's solution does not fully satisfy the prisoner.

Pozo v. McCaughtry, -- F.3d --, No. 99 C 1464, 2002 WL 596190, *1 (7th Cir. April 18, 2002). In short, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Id. at *3.

The Illinois Administrative Code sets forth the grievance procedures to be followed for committed persons. See 20 Ill. Adm. Code § 504.800 *et seq*. The section of the Illinois Administrative Code pertaining to the filing of grievances provides, *inter alia*:

> A committed person shall first attempt to resolve incidents, problems, or complaints other than complaints concerning disciplinary proceedings through his

4

or her counselor. If a committed person is unable to resolve the complaint informally or if the complaint concerns a disciplinary proceeding, the individual may file a written grievance on a grievance form that shall be made available in all living units. A grievance shall be filed within 60 days after the discovery of the incident, occurrence, or problem which gives rise to the grievance. However, if a committed person can demonstrate that a grievance was not timely filed for good cause, the grievance shall be considered. . ..
The grievance form shall be addressed to the Grievance Officer and shall be deposited in the living unit mailbox or other designated repository.

20 Ill. Adm. Code §§ 504.810(a), (b). A grievance may also "be handled on an emergency basis by forwarding the grievance directly to the Chief Administrative Officer," if there exists a "substantial risk of imminent personal injury or other serious or irreparable harm." 20 Ill. Adm. Code §§ 504.840(a), (b). The prisoner is then advised of the decision regarding the grievance. See 20 Ill. Adm. Code § 504.830. If the prisoner is not satisfied with that initial decision, the prisoner may appeal the decision. The section of the Illinois Administrative Code pertaining to the appeal of grievances provides, *inter alia*:

> If, after receiving the response of the Chief Administrative Officer, the committed person still feels that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director [of the Department of Corrections] within 30 days after the date of the decision. Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached.
> The Director shall review the grievance and the responses of the Grievance Officer and Chief Administrative Officer and shall determine whether the grievance requires a hearing before the Administrative Review Board. If it is determined that the grievance is without merit or can be resolved without a hearing, the committed person shall be advised of this disposition, in writing.
> ***
> The Administrative Review Board shall submit to the Director a written report of its findings and recommendations.
> The Director shall review the findings and recommendations of the Board and make a final determination of the grievance within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances. The committed person shall be sent a copy of the Director's decision.

20 Ill. Adm. Code §§ 504.850(a-b), (e-f). It is at this point that prison grievance procedures are considered exhausted, and if the prisoner is still not satisfied with the decision, he or she may then file a civil complaint in the appropriate court of law.

In the present case, Ivan did not appeal the initial decision in response to his grievance, which found that the grievance was untimely. Ivan had every right to do so, pursuant to 20 Ill. Adm. Code § 504.850. Furthermore, 20 Ill. Adm. Code § 504.810 states that "if a committed person can demonstrate that a grievance was not timely filed for good cause, the grievance shall be considered." Ivan could have availed himself to this option, but he failed to do so. This failure to complete the prison grievance procedures as provided in the Illinois Administrative Code means that Ivan has failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997(e)(a). See Pozo, -- F.3d --, No. 99 C 1464, 2002 WL 596190, *3.

Ivan's second contention, essentially that the court's statements contained in an order denying a motion to dismiss, which can be invoked as law of the case, is similarly erroneous. The doctrine of law of the case provides, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." United States v. Feldman, 825 F.2d 124, 130 (7th Cir. 1987) (citations omitted). The law of the case doctrine "'serves to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.'" Id. (citing 18 Wright, Miller & Cooper, Federal Practice and Procedure, § 4478, at 788 (1981 ed.)). The doctrine of law of the case has no application to the present issue of whether Ivan has exhausted prison grievance procedures.

The court's statement, on which Ivan relies, stated: "even if PLRA applies to Ivan's situation, his administrative remedies are exhausted." (See Minute Order of June 30, 1999.) This statement was made in deciding a motion to dismiss under Federal Rule of Civil Procedure

6

12(b)(6). At that stage of litigation, the Federal Rules of Civil Procedure serve to merely put a defendant on notice. A motion to dismiss does not test whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also McCormick v. City of Chicago, 230 F.3d 319, 324 (7th Cir. 2000) (analyzing Leatherman v. Tarrant County, 507 U.S. 163 (1993)). In deciding a motion to dismiss, the court must assume all facts alleged in the complaint to be true, construe the allegations liberally and view the allegations in the light most favorable to the plaintiff. See Wilson v. Formigoni, 42 F.3d 1060, 1062 (7th Cir. 1994). Thus, "[a] complaint may not be dismissed unless it is impossible to prevail under any set of facts that could be proved consistent with the allegations." Moriarty v. Lewis Funeral Directors, Ltd., 150 F.3d 773, 777 (7th Cir. 1998) (internal quotations omitted).

The standard of decision which guides the court on a motion to dismiss is unrelated to the standard of decision which guides the court on a motion for summary judgment. The court now must review Ivan's complaint and determine whether he can come forward with the proof required to show that there exists a genuine issue of material fact that would warrant this case proceeding. See Fed. R. Civ. P. 56(c). Furthermore, the doctrine of law of the case concerns the determination of a question of law; however, in the present case the issue of whether Ivan had exhausted prison grievance procedures was not a question of law, but a question of fact.

At this stage of litigation, on summary judgment, Ivan has failed to come forward with the requisite proof to demonstrate that there exists a genuine issue of material fact – Ivan has simply failed to exhaust all administrative remedies as required by 42 U.S.C. § 1997(e)(a).

7

### III. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted.

IT IS SO ORDERED

ENTER:

*Charles R Norgle*

CHARLES R. NORGLE, SR. Judge
United States District Court

DATED: 4-22-02